IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANTOS CASTRO-MOTA,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-940 |
| : | |
| **MARY K. SMITHSON,** : | |
|     Defendant. : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                     **JUNE 11, 2020**

    *Pro se* Plaintiff Santos Castro-Mota has filed a Complaint pursuant to 42 U.S.C. § 1983 against Mary K. Smithson, the former Bucks County Clerk of Court.[1] Castro-Mota also seeks leave to proceed with this case without paying the filing fee. For the following reasons, Castro-Mota's request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.        FACTUAL ALLEGATIONS**

    After describing in his Complaint the events leading to his arrest, criminal conviction, appeal, and his filing of a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), (ECF No. 2 at 3-5),[2] Castro-Mota asserts that Attorney James McMenamin Jr. was appointed to represent him by the PCRA court. (*Id.* at 4.) Thereafter, Castro-Mota gave McMenamin a copy of an amended petition that he wanted to file in his case, but McMenamin allegedly did not file it as requested. (*Id.*) On December 2, 2019, Castro-Mota mailed the copy

---

[1] Mary K. Smithson's term as Court Clerk ended and she was replaced by Brian Munroe on January 6, 2020. *See* http://www.buckscounty.org/government/RowOfficers/ClerkofCourts (viewed on June 1, 2020).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

of the *pro se* amended petition to the Bucks County Clerk of Court, but that office allegedly refused to file it. (*Id.*) He appears to allege that, several weeks later, counsel filed an amended PCRA petition on July 19, 2019 that "diminished [his] claims."

Castro-Mota asserts that he again mailed the amended petition to the Office of Clerk of Court on December 21, 2019. (*Id.* at 5.) He alleges that Defendant Smithson "acting outside her scope of duties and/or on behalf as a agent for the Bucks County Prosecution team unreasonably refused to file, process or document plaintiff's filings." (*Id.* at 2.) On January 27, 2020, Castro-Mota sent his father to the Bucks County Courthouse to attempt the file the amended petition. Smithson allegedly told his father that her office does not accept for filing any copied materials, which required Castro-Mota's father to make a second trip on February 6, 2020. (*Id.*) Smithson allegedly again rejected the amended petition and refused to provide the father a copy of Castro-Mota's preliminary hearing transcripts. She instructed Castro-Mota's father to send the document to Castro-Mota's counsel of record. (*Id.*) Castro-Mota alleges that Smithson violated his federal constitutional rights by failing to accept his amended petition for filing as she was required to do under state statute. (*Id.* at 6-7.)

A review of publicly available records[3] indicates that Castro-Mota was arrested on January 7, 2017 on charges of manufacture, delivery or possession of controlled substances, conspiracy to manufacture, deliver or possess controlled substances, and possession of drug paraphernalia. *See Commonwealth v. Castro-Mota*, CP-09-CR-2216-2017 (CCP Bucks). He was found guilty of the charges on June 29, 2018 and sentenced on July 5, 2018 to a term of

---

[3] The Court may consider matters of public record when conduction a screening of a *pro se* complaint under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

incarceration of 5-10 years.  On August 15, 2019, his conviction was affirmed by the Pennsylvania Superior Court.

The record further reflects that on July 19, 2019, while his direct appeal was still pending, Castro-Mota filed a *pro se* PCRA petition and the trial court appointed Attorney McMenamin to represent him.  On July 31, 2019, Castro-Mota sent the court a "Motion Invoking Right of Self Representation."  On December 9, 2019, Castro-Mota's *pro se* Amended Post Conviction Relief Act Petition was recorded as filed on the docket by the Bucks County Clerk of Court and, on December 17, 2019, the same-titled document was filed of record by Attorney McMenamin as well.  That petition remains pending.

## II.  STANDARD OF REVIEW

Because Castro-Mota is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. *Id.*  As Castro-Mota is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[4] Because Castro-Mota is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

**III.    DISCUSSION**

Castro-Mota seeks to assert federal constitutional claims under 42 U.S.C. § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Castro-Mota asserts a First Amendment denial of access to the courts claim against Smithson.  (ECF No. 2 at 1.)  "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury."  *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains.  *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).  In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  "[T]he underlying cause of action, . . . is an element that must be described in the complaint."  *Id*.  Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney.  *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042

(3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Castro-Mota's access to the courts claim is not plausible for two reasons.  First, the public records show that his *pro se* amended PCRA petition was filed by the Clerk when Castro-Mota sent it himself by mail.  Second, as that petition remains pending, Castro-Mota cannot show a plausible injury even if, as he alleges, Smithson initially refused to file the petition.

## IV.  CONCLUSION

For the reasons stated, Castro-Mota's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because any attempt at amendment to state plausible claims would be futile, the dismissal of all claims will be with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).  An appropriate Order follows.

BY THE COURT:


*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**